[,DECUIR, Judge.
The trustee of a 1969 inter vivos trust filed this petition upon the death of a beneficiary, seeking judicial instruction on how to distribute future income of the trust. Faced with the question of whether the income should go to the remaining beneficiaries or the surviving spouse and residual legatee of the deceased beneficiary, the trial judge determined that the Louisiana Trust Code, in the absence of contrary language in the trust instrument, requires the income to be disbursed among the remaining beneficiaries exclusively. We agree with this conclusion.
In 1969, Charles and Mary Austin executed the “Charles and Mary Austin Trust for Ruth E. Austin.” The Austins donated certain property to the trust and named their daughter, Ruth, the sole income beneficiary. Five principal beneficiaries were named: a nephew, Walter B. Austin, Jr., was given a fifty percent interest; three great-nieces, Victoria Austin, Elizabeth Austin Eppler, and Carolyn Alvis Hulsey, were each given a twelve-and-a-half percent interest; and a great-nephew, Stephen Austin, was given the remaining twelve-and-a-half percent interest. The First National Bank of Lake Charles and Walter B. Austin, Jr. were named co-trustees. The trust instrument further provided that upon the death of Ruth Austin, the income would be paid at least annually to the principal beneficiaries. Finally, the settlors specified that the trust would not terminate until the death of the last surviving named beneficiary.
Ruth Austin died in 1993. Thereafter, the principal beneficiaries succeeded her as successor income beneficiaries in proportion to their interests in principal. In 1997, Walter B. Austin, Jr. died leaving his wife, Jessie Y. Austin, as the residuary legatee of his estate. The parties do not dispute and, indeed, Walter’s will specified that Jessie was to receive his fifty percent interest in the principal of the trust. The [^question raised by the trustee is whether Jessie is also entitled to Walter’s fifty percent interest in the income of the trust. Jessie and the remaining beneficiaries filed cross motions for summary judgment on this issue.
The remaining beneficiaries argue that because the trust has not terminated, the only persons entitled to benefit from the trust during its existence are the named beneficiaries. They retained Professor *790 Cynthia Samuel of Tuláne Law School as an expert in trusts. In deposition testimony, Professor Samuel explained that the Louisiana Trust Code-specifically provides that an income interest terminates at the death of the designated beneficiary. La. R.S. 9:1964. Therefore, an income interest, is not inherited by the heirs or legatees of a beneficiary. The Code further provides that unless the trust instrument provides otherwise, the “termination of an interest in income of one of several income beneficiaries causes the other income beneficiaries or their- successors to become beneficiaries of that interest in income in proportion to their interests in the balance of the trust income.” La.R.S. 9:1965. Professor Samuel noted that the “other named beneficiaries” are only those beneficiaries specifically named in the trust instrument. Accordingly, Jessie, the residual legatee of Walter B. Austin, Jr., and not a named beneficiary, is not entitled to share in the income of the trust even though she is now a principal beneficiary.
Jessie Austin presented the testimony of Mr. Gerald Le Van, also offered as an expert in the area of trusts. After reviewing the trust instrument, he concluded that Jessie is entitled to Walter’s fifty percent share in the trust income. His- opinion was based in part on the fact that as Walter’s legatee, Jessie is now a beneficiary. Because Walter had, prior ‘to his death, both a principal interest and an income interest, Mr. Le Van theorized that the two interests joined together via operation of legal confusion, ^resulting in full ownership of the trust property; upon Walter’s death, his interest in the full ownership of the property would pass to Jessie.
Mr. Le Van’s theory was based on an analogy between a trust and a usufruct. When a usufruct and the interest of a naked owner are joined in the same person, the usufruct is extinguished and full ownership is recognized. However, a trust is not a usufruct. It is governed by different rules and has the added relationship of a trustee. The provisions of the Trust Code anticipate that there may or may not be separate beneficiaries of income and principal. La.R.S. 9:1805. Accordingly, an income interest can terminate at death, and that termination will have no effect on the heritability of a principal interest also held'by the deceased beneficiary. The two types of interest- are distinguishable, yet the Code does not provide special rules for a beneficiary who holds both an income interest and a principal interest. The nature of the interest at issue is what determines the rights of the beneficiary concerning that interest.
Accordingly, we conclude that the trust income must remain in the hands of the named beneficiaries until the trust terminates, which, as specified in the trust instrument, will be upon the death of the last named beneficiary. The trust instrument contains no language which provides otherwise, nor does it evidence any intent that a contrary result was desired. The trial judge properly granted summary judgment in favor of the remaining beneficiaries, Victoria Austin, Elizabeth Austin Ep-pler, Carolyn Alvis Hulsey, and Stephen Austin.
Costs of this appeal are assessed to Jessie Y. Austin.
AFFIRMED.